UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM B. FITZSIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY MURGER, *et al*.<br><br>    Defendant. | CASE NO. C10-5494RBL/JRC<br><br>ORDER TO SHOW CAUSE |

This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Magistrate Judge's Rule MJR3 and MJR4.

The court, has reviewed plaintiff's complaint and the balance of the record contained herein. Plaintiff filed this action while he was a Pierce County pre trial detainee awaiting trial on a charge of stalking. He was sent to Western State Hospital for evaluation and brings this action because his mother allegedly shared mental health information with his defense counsel who in turn provided the information to the hospital. Plaintiff was found not competent to stand trial based in part on a history of mental illness.

ORDER - 1

Plaintiff names seven defendants and seeks monetary damages. The defendants are the Western State Hospital, defense counsel, the prosecutor in his criminal case, the judge, and staff at Western State Hospital. Plaintiff alleges he was sent to Western State Hospital for a mental health evaluation and that defense counsel was able to obtain personal mental health information from his mother which helped evaluators determine that he was not competent to stand trial on a stalking charge. He brings this action for the sharing of his mental health history and the courts reliance on the information. He alleges an Eighth Amendment violation has occurred (Dkt. # 1).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). In general the State of Washington is not a proper defendant to claims alleging Civil Rights violations. States enjoy Eleventh Amendment immunity from such lawsuits. Quern v. Jordan, 440 U.S. 332, 344-45 (1979). A state is not "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989). Agencies of the state such as Western State Hospital enjoy the same immunity.

Plaintiff's defense counsel, even court appointed counsel does not act under color of state law and is therefore not a proper defendant in a Civil Rights action. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Prosecutors in the performance of their official duties enjoy prosecutorial immunity from suit. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages brought under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies when the challenged activity is intimately associated with the judicial phase of the criminal process. *Id*. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th

Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Id. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

Judges are absolutely immune for judicial acts taken within the jurisdiction of their courts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078.

Further, hospital staff, who were acting under a court order to perform an evaluation, would also enjoy immunity.

Thus, none of the named defendants in this action appear to be proper defendants. Based on the forgoing, it is hereby ORDERED that **by no later than September 3, 2010**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action prior to service as frivolous pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to send plaintiff a copy of this Order.

DATED this 5th day of August, 2010.

J. Richard Creatura
United States Magistrate Judge