UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM B. FITZSIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY MURGER, *et al.*,<br><br>    Defendants. | Case No.  C10-5494RBL/JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS AND DISMISS ACTION<br><br>**NOTED FOR**:<br>OCTOBER 8, 2010 |

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.  The court has considered plaintiff's application to proceed *in forma* pauperis and the proposed complaint (Dkt. # 1).  The court recommends the motion be DENIED and this action be DISMISSED AS FRIVOLOUS.

This action attempts to challenge the actions of a public defender who obtained mental health information from her client's mother and then shared that information with mental health professionals who were doing an evaluation to determine if plaintiff was competent to stand trial. The public defender also shared the information with the court and prosecutor.  Plaintiff was found not competent and the charges against him (stalking) were dismissed.

REPORT AND RECOMMENDATION- 1

Plaintiff alleges that the information was improperly obtained from his mother and improperly shared. He seeks to name all persons who obtained the mental health information including the judge, the prosecutor, the public defender and mental health personnel at Western State Hospital. He also names the State of Washington and the Western State Hospital as defendants. He alleges an Eighth Amendment violation and claims that he spent over 65 days in Western State Hospital as a result of the information being shared.

On August 5, 2010, the court entered an order to show cause and explained to plaintiff that the persons he was attempting to sue are immune from a suit for damages. The court stated:

> In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). In general the State of Washington is not a proper defendant to claims alleging Civil Rights violations. States enjoy Eleventh Amendment immunity from such lawsuits. Quern v. Jordan, 440 U.S. 332, 344-45 (1979). A state is not "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989). Agencies of the state such as Western State Hospital enjoy the same immunity.
> Plaintiff's defense counsel, even court appointed counsel, does not act under color of state law and is therefore not a proper defendant in a Civil Rights action. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).
> Prosecutors in the performance of their official duties enjoy prosecutorial immunity from suit. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages brought under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Id. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).
> Judges are absolutely immune for judicial acts taken within the jurisdiction of their courts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction,

REPORT AND RECOMMENDATION- 2

immunity applies.  Ashelman, 793 F.2d at 1078.  Further, hospital staff, who were acting under a court order to perform an evaluation, would also enjoy immunity.

(Dkt. # 7).  In the response to the order to show cause plaintiff argues that he has stated a clear cause of action and that he spent 65 days in Western State Hospital (Dkt. # 8).

The court may dismiss an in forma pauperis complaint before service of process when a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  Such is the case here.

## CONCLUSION

The court concludes that in forma pauperis status should be DENIED and this action DISMISSED WITH PREJUDICE prior to service as FRIVOLOUS.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 8, 2010, as noted in the caption.

Dated this 9th day of September, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3